```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| AUDREY TAYLOR-CARTER, | CIVIL ACTION NO. 06-416 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| PRES. BUSH, et al., |  |
| Defendants. |  |

**THIS MATTER ARISES** on the (1) in-forma-pauperis application pursuant to 28 U.S.C. § 1915 ("Application"), and (2) motion for assignment of pro bono counsel, by the plaintiff pro se, Audrey Taylor-Carter.[1]  This is an action against defendants listed as "Pres. Bush, United Nations, FBI, National Research Center and other," as well as "State of New Jersey," and two individuals. (1-30-06 Compl.; 2-21-06 Supplement.)  The Court will address the Application first.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

## THE APPLICATION

The plaintiff states that she is currently employed, but neither identifies her employer nor states the amount of her wages.  (App., at 1.)[2]  However, she asserts that she has $20 in

---

[1]  The plaintiff is also known as Audrey Taylor.  (See Taylor v. New Jersey Lottery, Civil Action No. 05-5944 (GEB); see also Taylor-Carter v. Hargrove, Civil Action No. 02-424 (GEB).)

[2]  The plaintiff presents the same inconsistency in the Application under Civil Action No. 05-5944 (GEB).

savings, and possesses nothing else of value.  (Id. at 2.)  The Court, in an excess of caution, will grant the Application.

**THE COMPLAINT**

The Court may direct sua sponte that a complaint be dismissed if it "is frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  A frivolous complaint lacks an arguable basis in law or fact, as it contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

The Court must construe a pro se complaint liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not credit a plaintiff's bald assertions or legal conclusions.  Id.

> The handwritten complaint states:
>
> United States government has allowed research to be performed on my body without my permission.  Pres. Bush, George, National Research Center and other, State of New Jersey, FBI were aware.  Bodily harm was caused to be, aggravation, sleepless days and evenings, pain and suffering, health problems and other.

(1-30-06 Compl.)  The plaintiff's handwritten supplement also asserts that the two individuals:

2

> violated my rights with sexual contact and sexual harassment, through research and by acts of sexual predators on me. The following acts were done on my body without permission. Other illegal acts were done by both and will be added. Both men have sexual addictions and sexual unstability [sic], and caused me harm, pain, mental anguish and other.

(2-21-06 Supplement.)

The plaintiff's allegations are "delusional, irrational, [and] wholly incredible." Hines v. United States, No. 05-4055, 2006 WL 288669, at *1 (3d Cir. Feb. 8, 2006) (dismissing as frivolous an appeal from order dismissing complaint wherein plaintiff claimed United States, Federal Bureau of Investigation, and others tortured him with poisonous gas for 12 years). Also, the allegations against the two individuals named in the supplement appear to be abusive or retaliatory in nature, and thus are "malicious." See Concepcion v. Resnik, 143 Fed.Appx. 422, 426 (3d Cir. 2005), cert. denied, 2006 WL 387169 (U.S. Feb. 21, 2006). Thus, the Court will direct the Clerk of the Court to dismiss the complaint and designate the action as closed, as the complaint is frivolous, malicious, and fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The motion for assignment of pro bono counsel also will be denied. The Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge